J. C. CHANDLER ET AL. v. C. C. COPELAND.

The first and second clauses of the 2d section of the act of 18th March, 1848, "To regulate descent and distribution of intestates' estates;" reads as follows: "1. To his or her children and their descendants, if any there be. 2. If there be no children nor their descendants, then to his or her father and mother, in equal portions; but if only the father or mother survive the intestate, then his or her estate shall be divided into two equal portions, one of which shall pass to such survivor, and the other half shall pass to the brothers and sisters of the deceased, and to their descendants, or to such of them as there be; but if there be none such, then the whole estate shall be inherited by the surviving father or mother." (Paschal's Dig., Art. 3419, Note 783.)

Where a grandfather died intestate a distributive share of his estate passed to his two grandchildren, born of a deceased daughter. Where one of these children died, leaving only its father and its brother (or sister) surviving, its interest descended and passed in equal proportions to that father and brother (or sister.) And when the other child died its moiety of the distrib-

utive share in the grandfather's estate passed absolutely to the surviving father, thus substituting him to all the rights of the descendants of the daughter of R. J. Chandler, deceased.

APPEAL from SMITH. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The facts were presented upon an agreed statement, the substance of which is set forth in the opinion of the court.

No brief for the appellants has been furnished to the *Reporter*.

*Tignal W. Jones*, for the appellee, argued the case upon the statute of descent and distribution.

LINDSAY, J.—The facts of this case in brief are, that the appellee, C. C. Copeland, married the daughter of R. J. Chandler, by whom he begot two children; the wife died, leaving the two children and her husband surviving her; the father of the wife afterwards died intestate, the son-in-law and the two grandchildren still surviving him; subsequent to the death of the grandfather the two grandchildren, at different periods, departed this life, while in their minority, intestate, unmarried, without children; and of their parents leaving only their father, the appellee, surviving them. Upon this state of facts the appellee, in right of his deceased children, claimed a distributive share in the estate of the ancestor of his wife, which was so decreed by the county judge and affirmed by the district judge, from which decision the case has been brought by appeal to this court for revision.

The ruling of the court below was right. By the statute of descent and distribution it is directed that when any person dies intestate, leaving no husband or wife, as the case may be, his or her estate shall descend and pass in parcenary to his or her children and their descendants. [Paschal's Dig., Art. 3419, Note 783.] Then, when the

grandfather died, a distributive share of his estate passed to these two grandchildren, as descendants of the deceased daughter, and vested the share in them. When one of these children died, leaving only its father and its brother or sister surviving, its interest descended and passed in equal portions to that father and brother or sister; and when the other child died, its moiety of the distributive share in the grandfather's estate passed absolutely to the surviving father, thus substituting him to all the rights of the descendants of the daughter of R. J. Chandler, deceased.

The act of the 28th January, 1840, [Paschal's Dig., Note 784, p. 559,] was modified and essentially changed by the act of the 17th March, 1842, and cannot now be invoked, upon such a state of facts as is here presented, to regulate the descent and distribution of intestate's estate, dependent upon their derivation from paternal or maternal kindred. By the latter act it is expressly provided that the sole surviving parent shall take the inheritance, no matter from which ancestral stock the title to the estate may have been derived. We therefore find no error in the judgment of the district court, and it is accordingly

AFFIRMED.